HIGGINSON, Circuit Judge,
dissenting:
I agree with the majority that the Gilbert factors, weighed properly, favor transfer in this case. But because I disagree that the district court’s contrary ruling was a “clear abuse of discretion” based on “extraordinary errors” leading to “a patently erroneous result,” In re Volkswagen of Am., Inc. (“Volkswagen II”), 545 F.3d *291 304, 309, 318 (5th Cir.2008) (en banc), I respectfully dissent from the majority’s grant of mandamus relief. In my view, this case differs meaningfully from Volkswagen II in several respects.
First, the proposed venue in Volkswagen II was 155 miles from the parties, witnesses, and evidence. Id. at 317. By contrast, the parties, witnesses, and evidence in this case are only 60 miles from the current venue. This adjusts the analysis with respect to three of the eight Gilbert factors: it brings the witnesses within the court’s automatic subpoena power under Federal Rule of Civil Procedure 45; it lessens the concern regarding “the cost of attendance for willing witnesses”; and it similarly mitigates “other practical problems” associated with trial at a distant venue. In Volkswagen II, we found relevant that the non-party witnesses were “outside the Eastern District’s subpoena power for deposition under Fed.R.Civ.P. 45(c)(3)(A)(ii),” so that “trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash under Fed.R.Civ.P. 45(c)(3).” Id. at 316 (quoting In re Volkswagen AG (“Volkswagen I”), 371 F.3d 201, 205 n. 4 (5th Cir.2004) (per curiam)). That concern is not present here. We noted also that “[witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community.” Id. That concern is present here, but to a lesser degree. An hour’s drive is an inconvenience, but it interferes less with a witness’s job, family life, and community engagement. As we recognized in Volkswagen I,
[t]he task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.
371 F.3d at 205. Accordingly, the conclusion that this case should have been transferred, even if correct, does not follow ineluctably from Volkswagen II. See Volkswagen II, 545 F.3d at 312 n. 7 (“If the facts and circumstances are rationally capable of providing reasons for what the district court has done, its judgment based on those reasons will not be reviewed.” (quoting McGraw-Edison Co. v. Van Pelt, 350 F.2d 361, 363 (8th Cir.1965))).
Second, Volkswagen II involved inter-district transfer. Before today, we had not explored the distinction between intra-district and inter-district transfer, or taken a position on whether district courts enjoy the same degree of deference in both situations. District courts in this circuit have expressed divergent viewpoints on these matters.[1] Additionally, “[t]here is disagreement about whether the § 1404(a) factors apply to intradistrict-transfer motions.” *292 [2] In re Marquette Transp. Co. Gulf-Inland, LLC, No. Civ. A. H-12-0623, 2012 WL 2375981, at *1 n. 1 (S.D.Tex. Jun. 21, 2012). The majority persuasively fills these doctrinal gaps with citations to Moore’s Federal Practice; that treatise may prove convincing, but it is not binding law. As noted above, there is an absence of circuit precedent pertaining to intra-district transfer, and, acting in the interstices, district courts have reached different conclusions. “This ambiguity provides another reason why the right is unclear for purposes of the writ of mandamus.” In re Pasquariello, 16 F.3d 525, 531 (3d Cir.1994). Just as error is not ordinarily considered “plain” when we “have not previously addressed an issue.... [e]ven where the argument requires only extending authoritative precedent,” United States v. Evans, 587 F.3d 667, 671 (5th Cir.2009) (internal quotation marks omitted), abuse of discretion is not considered “clear” when we have not spoken on an issue and there is conceptual space for reasonable jurists to disagree, see DeGeorge v. U.S. Dist. Court for Cent. Dist. of Cal., 219 F.3d 930, 936-40 (9th Cir.2000) (denying mandamus petition because the district court faced a “difficult” issue that was “a question of first impression” that had divided lower courts); In re Reyes, 814 F.2d 168, 172 (5th Cir.1987) (Jones, J., dissenting) (“At the very least, it is imprudent to mandamus the district court in an area of ‘doubtful law.’ ”).
Third, our court voiced concern in Volkswagen II that the district court “ignored our precedents.” 545 F.Sd at 309. That concern does not exist here. The district court’s opinion highlighted our precedents and included a discussion of each Gilbert factor. See In re Ramu Corp., 903 F.2d 312, 318 (5th Cir.1990) (concluding “that this matter is one of those extraordinary cases in which mandamus may be considered” in part because the district court, in a one sentence opinion, made no findings and cited no law). Several of the district court’s findings that the majority corrects pertain to factors about which we had not, until today, elaborated guidance.[3] In my *293 view, the district court has demonstrated an experienced grasp of the context-specific considerations involved with intra-dis-trict transfer. See, e.g., La Day v. City of Lumberton, Tex., No. 2:011-CV-237 (JRG), 2012 WL 928352, at *4 (E.D.Tex. Mar. 19, 2012) (granting motion for intra-district transfer); id. (“As in all transfer decisions, each set of facts is unique and must be decided on a case by-case basis.”). In denying this motion to transfer, the district judge adhered to similar rulings by other district courts in this circuit denying motions to transfer where the parties, witnesses, and evidence were fewer than 100 miles from the existing venue.[4] These insights support my view that the transfer ruling in this case was not a “judicial usurpation of power” triggering mandamus rescission. Volkswagen II, 545 F.3d at 309 (“[Mjandamus is an appropriate remedy for ‘exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion.’ ”).
I respectfully dissent.

. Compare Liles v. TH Healthcare, Ltd., No. 2:1 1-cv-528-JRG, 2012 WL 3930616, at *6 (E.D.Tex. Sept. 10, 2012) (Gilstrap, J.) ("[C]ourts in this district view 1404(a) motions for intra-district transfer of venue with heightened caution.”); Madden v. City of Will Point, Tex., No. 2:09-CV-250 (TJW), 2009 WL 5061837, at *3 (E.D.Tex. Dec. 15, 2009) (Ward, J.) (opining that "greater deference [is] available to [district courts] when considering intra-district transfers”), and Rios v. Scott, No. 1:02-CV-136, 2002 WL 32075775, at *4 (E.D.Tex. Jul. 13, 2002) (Hines, MJ.) ("[T]rial courts should entertain Section 1404(a) motions for intra-district change of venue with caution, and should not grant the requested relief unless the balancing of convenience and public interest factors results in a firm conclusion that the proposed new venue is decidedly more convenient and in the interest of justice.”), with Cantrell v. City of Murphy, No. 6:09-cv-225, 2010 WL 786591, at *2 (E.D.Tex. Mar. 1, 2010) (Schneider, J.) ("The § 1404(a) analysis remains the same regardless of whether the party moves for an inter-district or intra-district transfer.”).

. See Carolei v. Texas Mesquite Connection, No. 3:11-CV-2811-L (BH), 2012 WL 3599460, at *1 n. 3 (N.D.Tex. Aug. 6, 2012) ("One district court in this circuit has questioned whether the § 1404(a) factors apply to intradistrict transfers, but the Fifth Circuit has not yet ruled on this issue.”) (citation omitted); Johnson v. Lewis, 645 F.Supp.2d 578, 583 (N.D.Miss.2009) (opining that “the Duncan standard should apply to purely divisional transfer issues in this district, since ['Volkswagen II ] involved a transfer outside of a particular judicial district and is thus factually distinguishable,” but expressing that Volkswagen II "might be applicable to a purely intra-district transfer in a district which had not adopted its own divisional venue practices”); ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc., No. A-09-CA-773 LY, 2010 WL 1170976, at *2 n. 2 (W.D.Tex. Mar. 23, 2010) (disagreeing with that position).

. For example, we had not before ruled, but clarified today, that “[t]he § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another,” and that "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer.” I would be especially sensitive to the district court’s statement that "[t]he Fifth Circuit has established a threshold of 100 miles when giving substantial weight to [the cost of attendance for witnesses],” and its corresponding conclusion that because "Tyler is well less than 100 miles from Marshall.... this factor is neutral.” As the majority remarks, we previously explained that “[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.” Volkswagen I, 371 F.3d at 204-05. And our full court reiterated that guidance and characterized it as a 100-mile "threshold” or "rule.” Volkswagen II, 545 F.3d at 317. I concur that it is unlikely that the full court intended to *293 imply that a transfer within 100 miles does not impose costs on witnesses or that such costs should not be factored into the venue-transfer analysis, but note that until today we had not clarified our meaning.

. See, e.g., Guzman v. Hacienda Records & Recording Studio, Inc., No. 6:12-CV-42, 2013 WL 623289 (S.D.Tex. Feb. 19, 2013) (Costa, J.); Hutchings v. MSHC Bonner Street Plaza, LLC, No. 2:12-CV-00074-JRG-RSP, 2012 WL 3150824 (E.D.Tex. Aug. 2, 2012) (Payne, M.J.); Moss v. Lockheed Martin Corp., No. 3:10-cv-1 659-M, 2011 WL 197624 (N.D.Tex. Jan. 18, 2011) (Lynn, J.); Madden, 2009 WL 5061837 (Ward, J.); Havanas v. Am. Eagle Airlines, Inc., No. 3:09-CV-0209-B, 2009 WL 980111 (N.D.Tex. Apr. 8, 2009) (Boyle, J.).